## Harrison Emerson, Appellee, v. Wabash Railroad Company, Appellant.

APPEALS AND ERRORS—*when absence of evidence upon particular question not saved for review.* In order to save for review the question of whether there was any evidence tending to establish a particular issue, a peremptory instruction should be asked with respect to such issue.

Action on the case. Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed December 15, 1909.

ANDERSON & MATTHEWS, for appellant; J. L. MINNIS, of counsel.

W. I. KLEIN and WILLIAM MUMFORD, for appellee.

Mr. Justice Philbrick delivered the opinion of the court.

This is an action brought by appellee against appellant to recover damages for the destruction of a traction engine run into and destroyed by a locomotive and cars while appellee was attempting to cross the tracks of appellant at a farm crossing, the negligence charged being a failure to keep the farm crossing in a proper and reasonably safe condition, and in the handling and operation of its engine and cars by appellant's servants, and one count charges such handling of said engine and cars to have been wilful. The cause was tried before a jury and a verdict returned for $750, upon which judgment was rendered against appellant. To reverse that judgment this appeal is prosecuted.

Appellant insists that there was no farm crossing at the point where the accident occurred, and that in attempting to cross the track at that point appellee was a trespasser; that appellant owed him no duty further than not to commit a wilful act.

The evidence discloses that some eight or ten years prior to the time of this accident a farm crossing had been constructed and maintained by appellant at this point. The rails had been planked, the approaches to the crossing made, and gates were constructed in the fences along the right of way of appellant. Appellant claims that after this farm crossing was so constructed, it put in for the owner of the farm, for which the crossing was constructed, a subway or crossing only a short distance from the old farm crossing and for the use of the owner of said farm, and that thereafter this farm crossing was abandoned. The evidence discloses that the planking had rotted away and the approach to the crossing became out of repair, but that the gates were left in the fences and that the crossing was occasionally used; that appellee had used it prior to the time of the accident and since the construction of the subway. The evidence further discloses that before

attempting to cross at this farm crossing with his engine appellee measured the subway and found it impossible to cross at that place with his traction engine. He was crossing the tracks of appellant for the purpose of doing work upon the farm for the owner of which this farm crossing was originally made.

Appellant also insists that the record fails to disclose the use of due and proper care on the part of the appellee. The evidence shows that when appellee attempted to cross the tracks of appellant he discovered that the planking between the rails was not in good repair. He went to the house of one Smith, for whom he was intending to work, and obtained planks and boards, which he put down so that he might cross the tracks, but the engine became lodged in some way between the rails and he was unable to move it in time to escape this approaching locomotive and cars. When his engine became so lodged he sent a man down the track for the purpose of flagging this train; that the man went down the track a sufficient distance to have stopped the train, that he stood in the center of the track and waived his hands and arms, but could not attract the attention of the engineer or fireman; that the train ran past him without its speed being checked.

These were questions of fact for the jury to determine. By their verdict they have determined the plaintiff was in the exercise of due care and the defendant guilty of the negligence charged.

The appellant also contends there was no wilful negligence and that the trial court erred in giving instructions to the jury predicated on the right of recovery by reason of alleged wilful act on the part of appellant. If the appellant desired to take advantage of and raise this question, it should have offered an instruction to the court asking it to instruct the jury that there was no evidence tending to show any wilful act on the part of the appellant. But, instead of so doing, appellant offered instructions to the court submitting the question of wilful negligence to the

jury and it cannot complain of instructions having been given upon that question on behalf of the appellee.

The verdict of the jury is fully warranted by the evidence in this case. The questions of fact were properly submitted to the jury, and the record being substantially free from error, the judgment in the trial court is affirmed.

*Affirmed.*